E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
SARAH E. SPIELBERGER (Cal. Bar No. 311175)
Assistant United States Attorney
General Crimes Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3358
     Facsimile: (213) 894-0141
     E-mail:    sarah.spielberger@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:23-mj-06522-PD |
|---|---|
| Plaintiff, | RESPONSE TO ORDER REQUIRING BRIEFING; DECLARATION OF SARAH E. SPIELBERGER; EXHIBITS A-D |
| v. | |
| ADRIAN DAMICO MOON, | Hearing Date: January 3, 2024 |
| Defendant. | Hearing Time: 2:00 p.m.<br>Location:    Courtroom of the Hon. Patricia Donahue |

     Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Sarah E. Spielberger, hereby files its Response to the Court's Order Requiring Briefing.

     This Response is based upon the attached memorandum of points and authorities, the declaration of Sarah E. Spielberger
//
//

("Spielberger Decl.") and its attached Exhibits A through D, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: December 29, 2023         Respectfully submitted,

                                         E. MARTIN ESTRADA
                                         United States Attorney

                                         MACK E. JENKINS
                                         Assistant United States Attorney
                                         Chief, Criminal Division

                                             /s/
                                         SARAH E. SPIELBERGER
                                         Assistant United States Attorney

                                         Attorneys for Plaintiff
                                         UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

Defendant Adrian Damico Moon is charged in Superior Court of the District of Columbia, Criminal Division case number 2023 CC 25 with four counts of violating a civil protection order. (Spielberger Decl. Exhibit A (Superseding Information) at 3.) That court issued a no-bond bench warrant for defendant's arrest after defendant failed to personally appear in court as ordered four times. (Spielberger Decl. Exhibit B (Docket for 2023 CC 25) at 6-7; Exhibit C (Order Denying Motion to Stay Bench Warrant) at 15-16; Exhibit D (Oct. 26, 2023, Bench Warrant).)

On December 20, 2023, the United States Marshals Service arrested defendant on this warrant, and defendant appeared before this Court for his initial appearance that same day. Dkt. 1; Dkt. 5. At this hearing, the Court arraigned defendant and ordered him detained. Id. Defendant did not waive an identity hearing or arrival of process. Id. Defendant asked for a Faretta hearing and to represent himself; the Court declined to rule on that request but appointed Deputy Federal Public Defender J. Alejandro Barrientos as advisory counsel.[1] Id.

The Court has now requested that the government submit a pleading setting forth: (1) the procedural history of the matter pending against defendant in case number 2023 CC 25; (2) the required showing and burden of proof at an identity hearing; (3) whether defendant is entitled to a preliminary hearing in this district; (4) the government's position regarding defendant's request to represent

---

[1] Defendant also asked to recuse this Court, and a district court subsequently denied this request. Dkt. 7.

himself, and the basis for that position; and (5) the charges against defendant in this matter, the elements of each offense charged, and the maximum penalties for each offense charged. Dkt. 8. The government addresses each question in turn.

## II. PROCEDURAL HISTORY

The procedural history of case number 2023 CC 25, defendant's pending criminal case in the Superior Court of the District of Columbia, is as follows:

- On June 9, 2023, the Office of the Attorney General for the District of Columbia charged defendant with one count of violating D.C. Code § 16-1005(f), contempt of a civil protective order, based on defendant's knowing violation of civil protective order number 2023 CPO 1056. (Exhibit B at 14.)
- The Honorable Jennifer M. Anderson, Judge of the Superior Court for the District of Columbia, issued a judicial summons directing defendant to appear in person for his arraignment on June 22, 2023. Defendant failed to appear as ordered, and the court issued a bench warrant. (Id.; Exhibit C at 15.)
- On July 17, 2023, defendant appeared before the Court. Judge Anderson appointed CJA counsel Mark M. Rollins to represent defendant. Defendant also filed a motion to quash the bench warrant that same day, which the court granted in part. (Exhibit B at 13.)
- On August 8, 2023, the court arraigned defendant on the single-count information in 2023 CC 25. (Id.) The government filed a Superseding Information alleging three additional misdemeanor violations later that same day. (Exhibit A at 3; Exhibit B at 11.)

2

- On August 15, 2023, the court ordered defendant to appear in person on September 14, 2023, for a forensic screening and a booking appointment, and on September 21, 2023, for the next court hearing. (Exhibit C at 15.) Defendant failed to appear in person on either date. (Id.)
- Defendant appeared virtually for his September 21, 2023, hearing. (Id.) Defendant asked for a few weeks to gather the funds to travel from California to the District of Columbia in order to appear in person. (Id.) The court "reluctantly" agreed, did not issue a bench warrant, and instead set an in-person forensic examination for October 25, 2023, and a mental health observation for October 26, 2023. (Id.) Defendant did not appear for his October 25, 2023, forensic examination as ordered. (Exhibit B at 8.)
- Defendant appeared virtually for the October 26, 2023, hearing, claiming that he could not afford to travel to Washington D.C. (Exhibit C at 15.) The court did not find defendant's explanation credible and issued an extraditable no-bond bench warrant for his arrest. (Id.; Exhibit D at 17.)
- Shortly thereafter, defendant filed a motion to stay the bench warrant. (Exhibit B at 7.) In support, defendant attached a screenshot of an alleged airline ticket for a December 6, 2023, flight from Los Angeles to Washington D.C. (Exhibit C at 15-16.)
- On November 7, 2023, "given the [d]efendant's prior representations," the court stated that it did not "trust the [d]efendant to actually come to the next hearing in person," and denied defendant's motion to stay the bench warrant. (Exhibit C at 16.)

- USMS arrested defendant in the Central District of California on the bench warrant on December 20, 2023. Defendant appeared before this Court for his initial appearance under case number 2:23-MJ-06522.

### III. FINDINGS AND STANDARDS AT AN IDENTITY HEARING

When a defendant is arrested in a district other than where the alleged offense was committed, Rule 5 of the Federal Rules of Criminal Procedure requires a magistrate judge to determine during an identity hearing whether there is probable cause to believe that the arrestee is the same person named in the indictment. Fed. R. Crim. P. 5(c)(3)(D)(ii); United States v. Saldana-Beltran, 37 F. Supp. 3d 1180, 1186 (S.D. Cal. 2014) (collecting cases and concluding that the probable cause standard applies); United States v. 1. Eliexander Isaac Lopez-Burgos, 1:23-mj-00206-NRN, 2023 WL 8851751 at *1 (D. Col., Dec. 12, 2023); United States v. Antoine, 796 F. Supp. 2d 417, 420 (E.D.N.Y. 2011). The rules of evidence do not apply to miscellaneous proceedings such as identity hearings, and hearsay is therefore admissible. Fed. R. Evid. 1101(d)(3); Saldana-Beltran, 37 F. Supp. 3d at 1187. Additionally, a presumption of identity applies if the defendant admits his true and correct name at his initial appearance. United Stats v. Martinez-Leon, 565 F. Supp. 2d 1131, 1134 (C.D. Cal. 2008) ("At his initial appearance, defendant admitted his true and correct name is Jorge Martinez-Leon, [] which creates a presumption of identity.")

### IV. REQUIREMENT OF A PRELIMINARY HEARING

Defendant is not entitled to a preliminary hearing on the charges when "the government files an information charging the defendant with a misdemeanor." Fed. Rule Crim. P. 5.1 (a)(4); United

4

States v. Montoya; 1:21-MJ-00325-SH, 2021 WL 1738887 (W.D. Texas, Apr. 30, 2021). Here, the government charged defendant with four misdemeanors via the Superseding Information. (Exh. A.) Accordingly, a preliminary hearing is not required.

**V.   DEFENDANT'S REQUEST TO PROCEED PRO SE**

    **A.   Government's Position**

A defendant has a right to self-representation at all critical stages of prosecution, including his initial appearance and arraignment. Faretta v. California, 422 U.S. 806, 819-20 (1975); United States v. Rice, 776 F.3d 1021, 1024-25 (9th Cir. 2015); Rothgery v. Gillespie County, Tex., 554 U.S. 191, 194 (2008). To invoke this right, a defendant "must make a timely 'unequivocal, voluntary, [and] intelligent' request." United States v. Farias, 618 F.3d 1049, 1051 (9th Cir. 2010)(citation omitted). Once a defendant makes this request, the court must hold a Faretta hearing "to determine whether the defendant is knowingly and intelligently forgoing his right to appointed counsel." Id. at 1051-52; Faretta, 422 U.S. at 835. At a Faretta hearing, the court "must ensure that a defendant understands: (1) the nature of the charges against h[im]; (2) the possible penalties; and (3) the dangers and disadvantages of self-representation." United States v. Schaefer, 13 F.4th 875, 866 (9th Cir. 2021) (quoting United States v. French, 748 F.3d 922, 928-29 (9th Cir. 2014)).

At defendant's December 20, 2023, initial appearance, defendant indicated that he wished to represent himself and requested a hearing under Faretta. Dkt. 5. The government therefore requests that this Court conduct a Faretta hearing prior to the identity hearing, and

that the <u>Faretta</u> colloquy be held in open court and on the record. <u>McCormick v. Adams</u>, 621 F.3d 970, 977 (9th Cir. 2010).

      **B.    The Government's Proposed <u>Faretta</u> Advisement**

Defendant is charged with four misdemeanor violations in the Superior Court of the District of Columbia, Criminal Division, Case Number 2023 CC 25. In furtherance of a <u>Faretta</u> advisement, the government herein sets forth: (1) the charges against defendant in this matter; (2) the elements of each offense charged; (3) the maximum penalties for each offense charged; and (4) the dangers and disadvantages of proceeding pro se.

        1.    <u>Nature of the Charges</u>

Defendant is charged in a First Superseding Information in the Superior Court of the District of Columbia, Criminal Division, Case Number 2023 CC 25 with four counts of contempt of a civil protection order, in violation of D.C. Code § 16-1005(f). (Exhibit A at 3.) Specifically, defendant contacted his daughter on April 10, 2023; May 25, 2023; June 3, 2023; and July 27, 2023; each in violation of civil protection order 2023 CPO 1056. (<u>Id.</u>) Each contact is charged as a separate count in the First Superseding Information. (<u>Id.</u>)

        2.    <u>Elements of the Offense</u>

For defendant to be guilty of violating D.C. Code § 16-1005(f), contempt of a civil protection order, the following must be true: (1) a court ordered defendant to abide by the terms of civil protection order number 2023 CPO 1056; (2) the order was clear and specific; (3) defendant knew of the order; and (4) defendant violated the order voluntarily and on purpose, and not by mistake or accident. Crim. Jury. Inst. D.C. 6.100.

6

### 3. Possible Penalties

The statutory maximum sentence that a court can impose for each violation of D.C. Code § 16-1005(f) is 180 days' imprisonment and/or a $1,000 fine. D.C. Code § 16-1005(f)(2). The superseding information charges defendant with four violations of D.C. Code § 16-1005(f), resulting in a maximum penalty of 720 days and/or up to a $4,000 fine. (Exhibit A.)

### 4. The Dangers and Disadvantages of Self-Representation

The Court must advise defendant of the dangers and disadvantages of representing himself. United States v. Hayes, 231 F.3d 1132, 1138-39 (9th Cir. 2000). Although there is no set script that the Court must follow, the Ninth Circuit has approved of the following admonition:

> The Court will now tell you about some of the dangers and disadvantages of representing yourself. You will have to abide by the same rules in court as lawyers do. Even if you make mistakes, you will be given no special privileges or benefits, and the judge will not help you. The government is represented by trained, skilled prosecutors who are experienced in criminal law and court procedures. Unlike the prosecutors you will face in this case, you will be exposed to the dangers and disadvantages of not knowing the complexities of jury selection, what constitutes a permissible opening statement to the jury, what is admissible evidence, what is appropriate direct and cross-examination of witnesses, what motions you must make and when to make them during the trial to permit you to make post-trial motions and protect your rights on appeal, and what constitutes appropriate closing argument to the jury.

Id.