E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
SARAH E. SPIELBERGER (Cal. Bar No. 311175)
Assistant United States Attorney
General Crimes Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3358
     Facsimile: (213) 894-0141
     E-mail:    sarah.spielberger@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:23-MJ-6522-PD |
|---|---|
| Plaintiff, | RESPONSE TO ORDER REQUIRING BRIEFING; DECLARATION OF SARAH E. SPIELBERGER |
| v. | |
| ADRIAN DAMICO MOON, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Sarah E. Spielberger, hereby files its Response to the Court's Order Requiring Briefing.

This Response is based upon the attached memorandum of points and authorities, the files and records in this case, the declaration

//

//

of Sarah E. Spielberger ("Spielberger Decl."), and such further evidence and argument as the Court may permit.

Dated: January 18, 2024

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

      /s/
SARAH E. SPIELBERGER
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION AND PROCEDURAL HISTORY**

Defendant Adrian Damico Moon is charged in Superior Court of the District of Columbia, Criminal Division case number 2023 CC 25 with four counts of violating a civil protection order. Dkt. 10-1. That court issued a no-bond bench warrant for defendant's arrest after defendant failed to appear in court several times as ordered. Dkt. 10-2, 3, 4.

On December 20, 2023, the United States Marshals Service ("USMS") arrested defendant on that warrant, and defendant appeared before this Court for his initial appearance. Dkt. 1; Dkt. 5. The Court arraigned defendant and ordered him detained . Id. On January 3, 2024, the Court issued the Final Commitment and Warrant of Removal requirement that the USMS remove defendant forthwith to the District of Columbia. Dkt. 22.

On January 16, 2024, the USMS advised the Court that defendant refused to come out of his cell and, therefore, USMS could not transport him to the District of Columbia. Dkt. 31. The Court, in turn, ordered the government to submit a filing setting forth the law regarding an order of extraction. As explained further below, it is within the Court's inherent authority to enforce its order of removal by issuing an extraction order.

**II.    STATEMENT OF LAW**

District and magistrate judges have the inherent authority to enforce their orders to move inmates. See Griffin v. Gomez, 741 F.3d 10, 18 (9th Cir. 2014) (acknowledging the district court's inherent authority to enforce its orders directing the prison to transfer the petitioner to another part of the prison); General Order No. 05-07

("Magistrate Judges shall have the inherent power . . . to implement and enforce their own orders," which includes the power to issue "orders necessary to obtain the presence of parties, witnesses, or evidence needed for the arraignment calendar or other court proceedings.")

This power does not diminish after the court orders a defendant removed to another jurisdiction. This is because the Court has the power to "vindicate its authority, and effectuate its decrees," even when it otherwise would have lost jurisdiction. Kokken v. Guardian Life Ins. Co. of America, 551 U.S. 375, 379-380 (1994); see also Hook v. Ariz., Dep't of Corr., 972 F.2d 1012, 1014 (9th Cir. 1992) ("A district court retains jurisdiction to enforce its judgments.")

A court may order that force be used to ensure an inmate's compliance with its orders. The force used needs to be proportional, and a court should consider whether "less draconian" measures are available. Fields v. Tucker, 623 F.App'x 887, 887 (9th Cir. 2015). Here, less draconian measures are plainly not available because defendant refuses to exit his cell and he needs to be removed to the District of Columbia to adjudicate his criminal case. Dkt. 22; (Spielberger Decl. ¶¶ 4, 6.) If the Court is concerned about proportionality, it can impose whatever force-limitations it sees fit.[1]

---

[1] Notably, prison guards do not need a court order to perform a cell extraction, as long as they do not violate Eighth Amendment safeguards. See Spain v. Procunier, 600 F.2d 189, 195 (9th Cir. 1979) (finding that tear gas "may be a necessary prison technique" to extract inmates or move them around the facility, "if a prisoner refuses after adequate warning to move from a cell or upon other provocation presenting a reasonable possibility that slight force will be required.") Regardless, the USMS does not wish to use force absent this Court's order.