UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES – GENERAL

Case No.    2:23-mj-06522                                           Date: January 18, 2024

Present: The Honorable:    PATRICIA DONAHUE, United States Magistrate Judge

Interpreter    N/A

| Isabel Verduzco | N/A | Sarah Spielberger (not present) |
|---|---|---|
| *Deputy Clerk* | *Court Reporter / Recorder* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s) | Present | Cust | Bond | Attorneys for Defendants: | Present | App | Ret |
|---|---|---|---|---|---|---|---|
| Adrian Damico Moon, pro se | | X | | | | | |

**Proceedings:**    **(In Chambers) ORDER REQUIRING UNITED STATES MARSHALS SERVICE TO TRANSPORT DEFENDANT TO DISTRICT OF COLUMBIA**

Defendant Adrian Damico Moon is in the lawful custody of the United States Marshals Service ("USMS") at the Central Valley Annex correctional facility pending removal to the District of Columbia, where he is charged in Superior Court of the District of Columbia, Criminal Division case number 2023 CC 25, with four counts of violating a civil protection order.  On January 3, 2024, the Court issued the Final Commitment and Warrant of Removal requiring that Defendant Moon be transported forthwith to the District of Columbia.  [Dkt. No. 22.]  Defendant Moon was scheduled to fly last week on a Justice Prisoner and Alien Transportation System ("JPATS") flight to the District of Columbia.  Defendant Moon did not take this flight because he refused to leave his cell. [Declaration of Sarah E. Spielberger, Dkt. No. 33-1, ¶ 4.]  Defendant is currently scheduled to fly on a JPATS flight on January 19, 2024.  [Id. at ¶ 5.]  The acting warden at the Central Valley Annex confirmed to the USMS that Defendant still refused to exit his cell, and that Defendant believes his case should be litigated in California.  [Id. at ¶ 6.]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

A court may order that force be used to ensure an inmate's compliance with its orders.  The force used needs to be proportional, and a court should consider whether "less draconian" measure are available.  *Fields v. Tucker*, 623 F. App'x. 887, 887 (9th Cir. 2015).  Here, the evidence establishes that Defendant Moon refuses to exit his cell, contrary to this Court's order that he be transported expeditiously to the District of Columbia to adjudicate the case pending against him there.  The evidence establishes that less draconian measures are not available.

Accordingly, subject to any medical condition(s) that could endanger Defendant Moon's health, IT IS ORDERED that the USMS transport Defendant Moon to the District of Columbia on the scheduled January 19, 2024 JPATS flight.  The USMS may extract Defendant Moon from the Central Valley Annex correctional facility by the use of all reasonable force and restraints necessary to produce Defendant Moon on the January 19, 2024 JPATS flight, provided, however, that prior to using force to extract Defendant Moon from the Central Valley Annex correctional facility, this order is read to Defendant Moon and Defendant Moon is given one final opportunity to agree immediately to be transported to the District of Columbia without the use of force.

IT IS SO ORDERED.

_____ : _____

**Initials of Deputy Clerk**  _____